# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina



| | |
|---|---|
| In the Matter of the Tracking of <br> *(Identify the person to be tracked or describe the object or property to be used for tracking)* <br> 2012 Infiniti <br> Virginia License Plate # AES-8268 <br> VIN JN1CV6AR3CM676862 | ) ) ) ) ) )    Case No. 1:17MJ81 |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __846, 841__ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☐ The person, property, or object is located in this district.

☑ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

2012 Infiniti, VA License Plate # AES-8268, VIN JN1CV6AR3CM676862, located at 1724 Glenwood Ave, GSO, NC

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Dwayne James, HSI TFO
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: __04/12/2017__

*Judge's signature*

City and state: __Winston-Salem, North Carolina__

Joi Elizabeth Peake, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR A WARRANT AUTHORIZING THE ) <br> INSTALLATION AND USE OF A GPS ) <br> TRACKING DEVICE ON A WHITE 2012 ) <br> INFINITI SEDAN BEARING VIRGINIA ) <br> LICENSE PLATE NUMBER AES-8268 AND ) <br> VEHICLE IDENTIFICATION NUMBER ) <br> (VIN) JN1CV6AR3CM676862 ) | 1:17-MJ- 81 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF AN ELECTRONIC TRACKING DEVICE

I, Dwayne James, being duly sworn, depose and state as follows:

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a white 2012 Infiniti four door sedan bearing Virginia license plate number **AES-8268** and vehicle identification number **JN1CV6AR3CM676862**, registered to Gerardo HERNANDEZ, 12253 Ridge Court, Culpepper, Virginia, 22701 ("the SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of a conspiracy involving Gerardo HERNANDEZ and others to distribute cocaine, a Schedule II controlled substance, within the Middle District of North

Carolina, and that there is probable cause to believe that the installation of a tracking device on the SUBJECT VEHICLE and will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes. The tracking device is currently in the possession of Homeland Security Investigations (HSI), who will install, use, maintain and replace the GPS mobile tracking device.

2. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

3. I, the undersigned, Detective/Homeland Security Investigation Task Force Officer Dwayne James have been a law enforcement officer with the Greensboro Police Department for approximately eighteen years. I have served as a Detective in the Vice/Narcotics unit for over fifteen years. During this time I have served as lead investigator on a number of successfully prosecuted illegal narcotic cases on both the State and Federal sides. I have served as an undercover officer on investigations involving street level and trafficking amounts of cocaine, marijuana and designer drugs. I have utilized

2

and managed Confidential Informants in several investigations, which has led to the successful prosecution in both State and Federal Courts. During the course of my employment with the Greensboro Police Department, I have made or been involved in hundreds of arrests for the violations of the North Carolina Controlled Substance Act, 90-95 and Titles 18, 19 and 21 of United States Code. During the course of these investigations, I have received authorization from both State and Federal Courts to use electronic surveillance to aid/assist in the investigation. I am a graduate of Winston-Salem State University with a Bachelor of Arts degree in Business Administration. Additionally, I have also attended the following schools, and received training in the following areas while employed as a police officer: Police Law Institute; Street Officers Legal Seminar; Street Gangs for Police Officers; North Carolina Gang Conference; Undercover Drug; Highway Interdiction; Hotel/Motel Interdiction, Interview and Interrogation; the Southeastern United States OCDETF Conference; and numerous North Carolina OCDETF Conferences. I have been assigned to many Federal Investigations and served as a D.E.A Task Force Officer in several investigations. I am currently assigned as a Task Force Officer (TFO) with U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI).

4. During my career in law enforcement, I have participated in drug trafficking and gang-related investigations that resulted in the arrest of subjects, the seizure of property and assets, and the seizure of controlled substances. I have also participated in searches of residences of suspected drug traffickers and gang members for controlled substances and other evidence of gang participation. As a result of my training and experience, I have become knowledgeable about the enforcement of state and federal laws pertaining to gang participation, drug distribution, offenses against persons, and property offenses. I am familiar with the manner and means by which controlled substances are used and distributed. I have also gained knowledge in the use of various investigative techniques including wiretaps, physical surveillance, undercover agents, confidential informants and cooperating witnesses, the controlled purchases of illegal narcotics, electronic surveillance, consensually monitored recordings, investigative interviews, the service of administrative subpoenas, and the execution of search and arrest warrants.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers and witnesses. This affidavit is submitted to demonstrate that probable cause exists to believe the requested search will lead to the discovery of evidence of

violations of United States Code. It does not include every fact currently known to law enforcement.

6. Based on the facts set forth in this affidavit, I believe that HERNANDEZ is involved in a conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846, and that a GPS Tracking device for the SUBJECT VEHICLE will lead to discovery of evidence of these crimes, and reveal other potential co-conspirators.

## BACKGROUND AND HISTORICAL USE OF THE SUBJECT VEHICLE

7. Homeland Security Investigations (HSI), the Drug Enforcement Administration (DEA), and the Virginia State Police (VSP) are investigating the criminal activities of a drug trafficking conspiracy operating in the Northern Virginia area and elsewhere. The members of this conspiracy are responsible for the distribution of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. During this investigation, HSI and the DEA have utilized sources of information (SOI), confidential informants, undercover agents, and various other investigative techniques. Regardless of the gender of the SOI and confidential informant, each will be referred to in the masculine gender. The sources of information have previously been proven to be reliable and credible through their use by law enforcement officers with HSI. They have provided

5

information which has proven to be truthful and against their own penal interests, and which, to the extent possible, has been corroborated through various investigative techniques, to include analysis of telephone toll records, recorded conversations, and various surveillance techniques. For these reasons, I consider them reliable. As a result of the investigation, Gerardo HERNANDEZ was identified as being responsible for providing quantities of cocaine, in Virginia, North Carolina, and several other states.

8. HSI agents received unsolicited information from a reliable SOI concerning HERNANDEZ's narcotics trafficking activities. The SOI stated he was contacted by HERNANDEZ, whom he knew by mutual associations, to request a meeting. The SOI stated that HERNANDEZ met with him in Fairfax County, Virginia, within the Eastern District of Virginia, and claimed that he had multiple kilograms of cocaine that he needed to sell. HERNANDEZ showed the SOI what he represented as one kilogram of cocaine wrapped in green cellophane plastic, which he wanted to sell for $36,000.00. The SOI stated HERNANDEZ wanted the SOI to find buyers for this cocaine who would agree to this price. The SOI's information concerning HERNANDEZ's activities has been independently verified by case agents, and I consider the information reliable.

9. On December 18, 2016, police records detail show HERNANDEZ

6

was shot in the leg under suspicious circumstances in Greensboro, North Carolina, at 3:54 a.m. A friend, also believed to be a co-conspirator, Laura HERNANDEZ, transported HERNANDEZ to the hospital in the SUBJECT VEHICLE.

10. On January 12, 2017, an HSI undercover agent (UCA) called HERNNADEZ on (540) 717-8306. During the call, HERNANDEZ told the UCA that he (HERNANDEZ) could get whatever drugs the UCA wanted. HERNANDEZ also stated the quality of the drugs he could provide would be good. HERNANDEZ and the UCA discussed meeting in a few weeks, at which time HERNANDEZ told the UCA to contact him at (540) 717-8306.

11. In January 2017, toll analysis of the (540) 717-8306 led to the identification of additional co-conspirators. Numerous subjects identified through toll analysis have been linked to other ongoing federal and state cases involving cocaine and heroin trafficking in Virginia, North Carolina, and Ohio.

12. A review of toll records associated with (540) 717-8306 reveal a total of 139 communications with phone number (540) 818-9370 between December 25, 2016, and February 10, 2017. Forty-four of these communications were via text/sms/mms messages while ninety-five were voice calls (either attempted or completed). The subscriber/user for this

7

phone number is currently known as confidential informant (CI) 17-611, for the VSP. A search of law enforcement databases showed that before his current relationship with law enforcement, CI 17-611 was the target of a search warrant executed on or about January 6, 2017. Execution of that search warrant yielded approximately five ounces of cocaine and crack cocaine. CI 17-611 is a documented informant of the VSP. He is not currently pending charges for drug related activity and he provided information against his own penal interest following the January 6, 2017, search.

13. The VSP, operating as the New River Valley Drug Task Force, utilized CI 17-611 to purchase two ounces of cocaine and a Smith & Wesson 9mm, semi-automatic, firearm from HERNANDEZ. In total, VSP has provided approximately $5,000.00 to CI 17-611 who, under the supervision of the VSP, has paid HERNANDEZ for previously advanced quantities of cocaine and crack cocaine.

14. On January 15, 2017, the VSP used CI 17-611 to conduct a controlled purchase of two ounces of cocaine from HERNANDEZ in Floyd, Virginia, located within the Western District of Virginia. HERNANDEZ arrived at the transaction, which took place at or near 407 East Main Street, Floyd, Virginia, driving the SUBJECT VEHICLE. Law enforcement was

8

present throughout this meeting conducting surveillance. During the meeting, CI 17-611 provided HERNANDEZ with $2,400.00 from an outstanding drug-related debt. In return, HERNANDEZ provided CI 17-611 approximately two ounces of suspected cocaine.

15. Before the meeting, CI 17-611 contacted HERNANDEZ at (540) 717-8306. Below is a sample of their text message correspondence:

- **HERNANDEZ**: "At least get me the 2400 the 2 you took and ill go"
- **CI 17-611**: "Hey bro I got to go to the atm an get the 400 hundred I got u so 2400 an ill owe u 100"
- **HERNANDEZ**: "No 1200 Each bro So that's would leave 500 still sending bro"
- **CI 17-611**: "I have 2,400 for u"

16. On January 25, 2017, HERNANDEZ was stopped by law enforcement in Wythe County, Virginia, while driving the SUBJECT VEHICLE for a traffic infraction. During that stop a .45 caliber Model 1911 firearm was recovered. The weapon was seized and HERNANDEZ disclaimed ownership.

17. On February 23, 2017, the Honorable Michael Nachmanoff, U.S. Magistrate Judge for the Eastern District of Virginia, issued a search warrant

9

for location based services for a phone cellular number associated with HERNANDEZ (1:17SW95).

18. On February 28, 2017, beginning at approximately 11:00 a.m., HERNANDEZ traveled approximately from Greensboro, North Carolina, to trailer park located at 10610 Ashville Pike, Lot185, Lockbourne, Ohio. At approximately 6:45 p.m., HSI agents based in Columbus, Ohio, observed HERNANDEZ driving through the trailer park in the SUBJECT VEHICLE. HSI agents further observed HERNANDEZ and another unknown male park at trailer 185. HERNANDEZ and the unknown male exited the SUBJECT VEHICLE and entered the trailer for approximately thirty minutes before re-entering the SUBJECT VEHICLE and departing. HERNANDEZ then traveled to a Super-8 motel in Fort Mitchell, Kentucky. HERNANDEZ and the unknown male were last observed by law enforcement entering room 115 the Super-8 motel.

19. On March 1, 2017, at approximately 9:30 a.m., HERNANDEZ received two phone communications from a northern Kentucky area code. Shortly after receiving these communications, HERNANDEZ and the unknown male departed the Northern Kentucky area.

20. On March 1, 2017, at approximately 6:00 p.m., HERNANDEZ met with CI 17-611 near Christiansburg, Virginia. HERNANDEZ drove to meet

10

CI 17-611 in the SUBJECT VEHICLE. During the meeting, CI 17-611 provided HERNANDEZ with $800.00 for an outstanding payment for the Smith & Wesson 9mm, semi-automatic, pistol that he previously purchased.

21. On February 16, 2017, the Honorable Theresa Buchanan, U.S. Magistrate Judge for the Eastern District of Virginia, issued a Search Warrant for text message content for two phones known to be used by HERNANDEZ to conduct drug transaction: (540) 717-2210 and (540) 717-8306 (1:17SW82 and 1:17SW83).

22. Historical text message content confirms that HERNANDEZ used the phones associated with the numbers listed in paragraph 21 in furtherance of narcotics transactions. For example:

  a. On February 9, 2017, (571) 292-0173 (subscribed to by Francisco SANCHEZ, a known cocaine distributor) text messages (540) 717-2210 (in Spanish) "I need the price of ½ cheese when you are OK." On February 14, 2017, HERNANDEZ responded to phone number (571) 292-0173 (in Spanish) saying "19,000 for half 17600 for 16." Based on my training and experience and knowledge of this investigation, I know these numbers correspond to the prices HERNANDEZ charges for quantities of cocaine.

  b. On February 9, 2017, (540) 717-2210 text messaged (540) 219-4143

11

(unknown user) saying, "Yo im going tomorrow bro the thing im not fronting no more..."

c. On February 13, 2017, (240) 241-2902 (unidentified user) responded to (540) 717-2210 saying, "I got paper for 4."

23. In the course of this investigation, I have learned that HERNANDEZ uses the residence located at 1724 Glenwood Avenue, Greensboro, North Carolina, located within the Middle District of North Carolina, as his primary residence. Over the past thirty days, law enforcement has conducted surveillance of HERNANDEZ at this address, during both daytime and nighttime hours. On all but a handful of occasions, when law enforcement has surveilled HERNANDEZ at 1724 Glenwood Avenue, the SUBJECT VEHICLE has also been parked at or near that address. Law enforcement most recently observed the SUBJECT VEHICLE at 1724 Glenwood Avenue, Greensboro, North Carolina, on April 6, 2017.

24. On March 30, 2017, CI 17-611 contacted HERNANDEZ at (540) 717-2495 to engage in a recorded conversation. During that conversation, CI 17-611 asked if he could "come down" next week to purchase firearms and narcotics. CI 17-611 made the recorded phone call while in Virginia and used the phrase "come down" to indicated that he would be traveling south from Virginia into North Carolina in order to complete the firearms and narcotics

12

transactions. HERNANDEZ agreed to meet the confidential informant. CI 17-611 specifically asked about obtaining an AK-47 assault rifle. HERNANDEZ claimed that he could obtain such a weapon for him to purchase, and also explained that he could sell the confidential informant a "military and police edition" AR-15 assault rifle for $1,100.00. CI 17-611 also asked if he could get two more "girls." HERNANDEZ responded affirmatively. CI 17-611 used the term "girls" as a coded reference for cocaine.

25. Based on the foregoing facts, I believe there is probable cause to believe that HERNANDEZ is involved in an ongoing conspiracy to distribute cocaine and deals firearms in the Middle District of North Carolina, and elsewhere, that he using the SUBJECT VEHICLE to facilitate the transportation and distribution of cocaine and firearms, and that the SUBJECT VEHICLE will be found in the Middle District of North Carolina.

26. Your affiant believes that the requested GPS tracker will further this investigation by enabling law enforcement to:

    a. Corroborate information obtained during controlled purchases and physical surveillance;

    b. Identify HERNANDEZ's sources of supply, co-conspirators, and customers; and

13

c. Establish HERNANDEZ's patterns as it pertains to narcotics trafficking

**<u>REQUESTED ACCESS TO THE VEHICLE</u>**

27. In order to track the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, I seek authorization to install and place a tracking device on the SUBJECT VEHICLE while it is located in the Middle District of North Carolina. It is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours due to the nature of the investigation, to ensure the safety of the executing officer or officers, and to avoid premature disclosure of the investigation.

28. The installation and maintenance of a GPS tracking device requires an agent or agents being in close proximity to the vehicle for more than several minutes. In order to accomplish this without being detected, it is necessary to wait until the early hours of the morning, when the neighborhood is clear of pedestrians. For that reason, I am requesting authority to install/maintain the tracking device at any hour of the day or night, as required.

29. Once the tracking device has been installed on the SUBJECT VEHICLE, it may be necessary to repair, maintain, adjust, replace, monitor,

14

and/or remove the tracking device. Additionally, it may be necessary to install or to repair, maintain, adjust, replace, monitor, and/or remove the tracking device at night, for safety reasons.

30. The attachment of the electronic tracking device, and any necessary repairs, maintenance, adjustments, replacements, or monitoring of such device, as well as the removal of such device at the conclusion of the monitoring authorized by the Court, will be accomplished in such a way as to minimize the amount of intrusion or trespass of any premises where the vehicle is located.

31. Accordingly, your affiant respectfully requests that the Court's order authorize HSI Special Agents and Task Force Officers, or other authorized officers to enter into the SUBJECT VEHICLE for the purpose of installing, repairing, maintaining, adjusting, replacing, monitoring, and/or removing the tracking device. Because the possibility exists that HERNANDEZ may park the SUBJECT VEHICLE in driveways and on other private property, it may be necessary to effect the installation, repair, maintenance, adjustment, replacement, monitoring and removal of the tracking device.

32. In the event that the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime

15

hours for a period of 45 days following issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

33. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I request that the warrant delay notification of the execution of the warrant for a period of 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation.

## CONCLUSION

34. WHEREFORE, pursuant to this Court's authority under Federal Rule of Criminal Procedure 41 and in accordance with Title 18, United States Code, Section 3117, given the information set forth above, there is probable cause to believe that HERNANDEZ is engaging in narcotics trafficking activity in violation of Title 21, United States Code, Sections 841(a)(1) and 846, that HERNANDEZ is using the SUBJECT VEHICLE in furtherance of such activity, and that the installation and use of an electronic tracking device on the SUBJECT VEHICLE described herein will lead to additional evidence of HERNANDEZ's narcotics trafficking activity and identify additional members of the narcotics trafficking conspiracy. Accordingly, your affiant respectfully

requests that the Court issue an order authorizing members of the HSI, associated TFOs, or other authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above described investigation, to install a tracking device in or on the SUBJECT VEHICLE within the Middle District of North Carolina within 10 calendar days of the issuance of the requested warrant, and to remove said tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to enter and/or move the SUBJECT VEHICLE during both daytime and nighttime hours to affect the installation, repair, maintenance, adjustment, replacement, monitoring and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Middle District of North Carolina.

35. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

_____
Dwayne James
Task Force Officer
DHS-HSI

Subscribed and sworn to before me on ___April 12___, 2017

_____
The Honorable Joi Elizabeth Peake
United States Magistrate Judge
Middle District of North Carolina

18